UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH L. VAN PATTEN,

        Plaintiff,

        v.                          Case No. 07-C-0026

ROBERT A. SCHMIDT,
RANDALL WRIGHT,
STEVE BURROUGHS,
HEALTH PROFESSIONALS, LTD.,
R.N. PAM RAETHER,
and M.D. D. CULLINAN,

        Defendants.

## ORDER GRANTING THE PLAINTIFF'S PETITION TO PROCEED IN FORMA PAUPERIS (DOC. # 2) AND DENYING THE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC. # 3)

Plaintiff, Joseph L. Van Patten, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Currently pending are the plaintiff's petition to proceed *in forma pauperis* and motion to appoint counsel. Both applications will be addressed herein.

### PETITION TO PROCEED IN FORMA PAUPERIS

In this case, the plaintiff has been assessed and paid an initial partial filing fee of $2.33. Consequently, the court is now required to screen the complaint pursuant to 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). A claim may be dismissed as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give a plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must

2

simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for *pro se* prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

The complaint asserts the following: the plaintiff is incarcerated at Redgranite Correctional Institution. The complaint names Robert A. Schmidt, Randall Wright, Steve Burroughs, Health Professionals, Ltd., Nurse Pam Raether and Dr. D. Cullinan as defendants. On February 4, 2006, the plaintiff was transported to the Shawano County Jail for safekeeping after his 1995 criminal conviction was overturned by the Court of Appeals for the Seventh Circuit. On or about February 6, 2006, defendant Nurse Raether denied the plaintiff medications that he had been prescribed by various doctors. Defendant Steve Burroughs denied the plaintiff his medications, dentures and preventive vaccinations due to the plaintiff's inability to pay. Furthermore, the jail physician denied the plaintiff regular blood pressure checks.

The plaintiff attempted to obtain help from defendants Burroughs, Schmidt and Wright. For example, the plaintiff contacted defendant Burroughs to obtain a copy of the jail's medical policy. However, the plaintiff's open records request for such information was denied.

On June 30, 2006, defendant Burroughs ordered correctional officer Cross (who is not a named defendant) to confiscate the plaintiff's "documents, legal discovery, personal, religious and canteen," with the exception of several items that defendant Burroughs said the plaintiff could keep.

(Compl. at 3). The plaintiff was unable to choose which items to keep because all his legal papers concern active cases.

Defendants Burroughs, Schmidt and Wright informed the plaintiff that he could exchange his property by submitting a request. However, this policy prevents the plaintiff from defending his cases. Moreover, the plaintiff was denied access to the Shawano County Circuit Court.

As a result of the defendants' retaliation, discrimination and harassment, the plaintiff has suffered two heart attacks, hypertension, high blood pressure and chronic heart disease. Furthermore, the plaintiff was denied his dentures and pain reliever.

For relief, the plaintiff requests a transfer to Landglade County Jail, medical care, return of his legal documents, return of religious and personal property, plus monetary damages.

**A.      Eighth Amendment**

The plaintiff alleges that he was denied medical care because he did not have the money to pay for it. In prisons, because inmates are deprived of the ability to seek health care on their own, the state is obligated to provide basic health care. As the Supreme Court explained in *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989):

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well being.... The rationale for this is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs - - e.g., food, clothing, shelter, medical care, and reasonable safety - - it transgresses the substantive limits on state actions set by the Eighth Amendment of the Due Process Clause.

Thus, the plaintiff may proceed on a claim that he was denied medical care because he lacked adequate funds to pay for it.

**B.     Access to the Courts**

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right "requires prison authorities to assist inmates in preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828. To state a claim for denial of access to the courts, the plaintiff must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence or prison conditions." *Pratt v. Tarr*, 464 F.3d 730, 732 (7th Cir. 2006). The plaintiff avers that his legal papers were seized from his cell, he was prevented from defending his cases and he has been denied access to the Shawano County Circuit Court. Construing this assertion liberally, the plaintiff contends that the defendants prevented him from defending a pending lawsuit. As such, the complaint states a claim.

**C.     Retaliation**

Next, the plaintiff submits that the defendants retaliated against him. To state a claim for retaliation, a plaintiff must identify the retaliatory action, name the responsible defendant(s) and assert a constitutionally-protected activity that spurred the retaliation. *See Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005). Although the plaintiff has identified the retaliatory action and the responsible defendants, the complaint fails to allege that the plaintiff was engaged in a constitutionally protected activity. Therefore, the plaintiff has not stated a claim for retaliation.

**D.    Equal Protection**

The plaintiff charges that the defendants discriminated against him in various ways. To comply with equal protection, ordinarily governmental entities are required to treat similarly situated

5

persons in a similar manner. *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). "To state an equal protection claim, a § 1983 plaintiff must allege that a state actor purposefully discriminated against him because of his identification with a particular (presumably historically disadvantaged) group." *Sherwin Manor Nursing Center, Inc. v. McAuliffe*, 37 F.3d 1216, 1220 (7th Cir 1994). In the present case, the plaintiff has not indicated that he was discriminated against based on membership in a particular group. Therefore, the plaintiff may not proceed on a traditional equal protection claim.

However, inasmuch as the complaint suggests that the defendants sought to deprive the plaintiff of the equal protection of the law "for reasons of a personal nature unrelated to the duties of [their] position," *Hilton v. City of Wheeling*, 209 F.3d 1005, 1008 (7th Cir. 2000), he has stated a "class of one" equal protection claim. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)("class of one" claims under § 1983 require the plaintiff to present evidence that "the cause of the differential treatment of which the plaintiff complains was a totally illegitimate animus toward the plaintiff by the defendants."). Thus, the plaintiff may proceed on a claim predicated on the equal protection clause.

**E.     Free Exercise**

The plaintiff asserts that his religious property was confiscated and that he was prevented from practicing his religion. A prisoner is entitled to practice his religion as long as doing so does not unduly burden the institution. *Richards v. White*, 957 F.2d 471, 474 (7th Cir. 1992). A prison regulation that infringes upon an inmate's First Amendment rights is valid only "'if it is reasonably related to legitimate penological interests.'" *Alston v. DeBruyn*, 13 F.3d 1038, 1039 (7th Cir. 1994)

(quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). The Seventh Circuit has identified several factors which can be used in applying the "reasonableness" standard:

- a. "whether a valid, rational connection exits between the regulation and a legitimate government interest behind the rule";

- b. "whether there are alternative means of exercising the right in question that remain available to prisoners";

- c. "the impact accommodation of the asserted constitutional right would have on guards and other inmates and on the allocation of prison resources; and

- d. "although the regulation need not satisfy a least restrictive alternative test, the existence of obvious, easy alternatives may be evidence that the regulation is not reasonable."

*Al-Alamin v. Gramley*, 926 F.2d 680, 685 (7th Cir. 1991) (quoting *Williams v. Lane*, 851 F.2d 867, 877 (7th Cir. 1988)) (additional quotation marks omitted). the complaint before the court meets these requirements. Hence, the plaintiff may proceed on his free exercise claim.

**F.    Due Process**

The plaintiff claims that defendants seized his personal papers. An individual is entitled to an opportunity to be heard before the state deprives him of his property permanently. *Parratt v. Taylor*, 451 U.S. 527, 540 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). However, deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the state fails to provide an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Wisconsin law provides tort remedies to individuals whose property has been converted or damaged by another. *See* Wis. Stat. §§ 893.34 and 893.51. If a deprivation of property did not occur

7

as the result of some established state procedure (which the plaintiff does not allege) and state law provides an adequate post-deprivation remedy for redressing the missing property, due process has been satisfied. *Parratt*, 451 U.S. at 543-44; *see also Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996) (holding that Wisconsin's post-deprivation procedures are adequate, albeit in a different context). Here, the complaint does not indicate that the plaintiff has pursued his state tort remedies or that the plaintiff's property was seized pursuant to and established procedure. Thus, the plaintiff may not pursue a due process claim based on the defendants' seizure of his personal papers.

**G.     Personal Involvement**

The plaintiff seeks to hold Health Professionals, Ltd. responsible for the actions of defendant Nurse Raemer. However, the complaint fails to state facts indicating the direct, personal involvement of Health Professionals, Ltd., as required by *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Furthermore, the plaintiff has not provided any facts showing that the alleged violations of his constitutional rights occurred at the direction, or with the knowledge and consent, of defendant Health Professionals, Ltd. *Id*. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). *Id*. Accordingly, defendant Health Professionals, Ltd. will be dismissed from this action.

As a final matter, the complaint names Robert A. Schmidt, Randall Wright, Steve Burroughs, Health Professionals, Ltd., Nurse Pam Raether and Dr. D. Cullinan as defendants in this action. However, defendant Dr. Cullinan is not mentioned in the body of the complaint. Failure to identify

8

an act of wrongdoing by defendant Dr. Cullinan means that the complaint does not meet the personal involvement requirement necessary for § 1983 liability. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints."). Therefore, the plaintiff can not proceed against defendant Dr. Cullinan.

In sum, the plaintiff has stated medical care, access to the courts, equal protection and free exercise claims. On the other hand, the plaintiff has failed to state retaliation and due process claims or claims against defendants Health Professionals, Ltd. and Dr. Cullinan.

## MOTION TO APPOINT COUNSEL

On January 11, 2007, the plaintiff filed a motion for appointment of counsel. As grounds for his request, the plaintiff states: (1) he has limited access to legal resources; (2) he is indigent; (3) he has no formal legal education; (4) the issues in this case are complex; (5) this case will require discovery; (6) he is unable to protect himself from corruption in the jail; and (7) appointing counsel will serve the ends of justice. (Mot. to Appoint at 1-2). Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982). And while the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether the plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. *Id*. at 1073. If the plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id*.

9

In the present case, the plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. The plaintiff should submit the names and addresses of at least three attorneys he has contacted regarding this case. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated. Specifically, the plaintiff has been allowed to proceed on four narrow claims that are not legally complex. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiff's motion for appointment of counsel will be denied without prejudice.

In light of the foregoing,

**IT IS ORDERED** that the plaintiff's petition to proceed *in forma pauperis* (Doc. # 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Doc. # 3) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that defendant Health Professionals, Ltd. is **DISMISSED.**

**IT IS FURTHER ORDERED** that defendant M.D. D. Cullinan is **DISMISSED.**

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon defendant pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service because in forma pauperis

plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $347.67 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, the plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Also, the plaintiff is advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

11

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 14th day of May, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U.S. District Judge