UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH L. VAN PATTEN,

    Plaintiff,

    v.           Case No. 07-C-0026

ROBERT A. SCHMIDT,
RANDALL WRIGHT,
STEVE BURROUGHS,
and PAM RAETHER, R.N.,

    Defendants.

## ORDER RE: THE PARTIES' DISCOVERY-RELATED MOTIONS

Plaintiff, Joseph L. Van Patten, filed this *pro se* civil rights complaint and is proceeding *in forma pauperis* on various constitutional claims. This matter comes before the court on the following applications: (1) the plaintiff's motion for default judgment; (2) the plaintiff's two motions for temporary restraining orders; (3) the plaintiff's five motions to compel; (4) the plaintiff's two motions to appoint counsel; (5) a motion for a protective order filed by defendant Pam Raether; (6) a motion for a protective order filed by defendants Steve Burroughs, Robert A. Schmidt and Randall Wright; and (7) the plaintiff's motion for order.

**1. Plaintiff's Motion for Default Judgment**

The plaintiff filed a motion for default judgment on July 18, 2007. As grounds for his request, the plaintiff asserts that defendants Wright, Schmidt and Burroughs failed to timely file an answer to the complaint. Federal Rule of Civil Procedure 55 provides in relevant part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or other wise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the default.

Fed. R. Civ. P. 55(a). The party against whom judgment is sought must have been properly served with process. 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (3d ed. 1998). A defendant shall serve an answer "within 20 days after being served with the summons and complaint" or "if service of the summons has been timely waived on request under Rule 4(d), within 60 days after the date when the request for waiver was sent[.]" Fed. R. Civ. P. 12(a).

In the present case, defendants Wright, Schmidt and Burroughs were mailed a request for waiver on May 16, 2007. The defendants filed a timely answer on July 13, 2007. Accordingly, the plaintiff's motion for default judgment will be denied.

**2.   Plaintiff's Motions for Temporary Restraining Orders**

On July 18 and October 10, 2007, the plaintiff filed a motion for temporary restraining order. When considering whether to grant a temporary restraining order, the court must first consider "whether the moving party has demonstrated: (1) a reasonable likelihood of success on the merits; and (2) no adequate remedy at law and irreparable harm if preliminary relief is denied." *Aircraft Owners & Pilots Ass'n v. Hinson*, 102 F.3d 1421, 1424-25 (7th Cir. 1996)(internal citations omitted). If the moving party has demonstrated those items to the satisfaction of the court, then it must look at: (3) the irreparable harm the non-moving party will suffer if the injunction is granted balanced against the irreparable harm the moving party will suffer if the injunction is denied; and (4) the public interest, i.e., the effect that granting or denying the injunction will have on non-parties. *Id*. The Seventh Circuit has adopted a sliding

2

scale approach where the greater the movant's chances of success on the merits, the less he must show that the balance of hardships tips in his favor. *Ty, Inc. v. Jones Group*, 237 F.3d 891, 895-96 (7th Cir. 2001).

**July 18, 2007, Motion for Temporary Restraining Order**

By his July 18, 2007, motion for temporary restraining order, the plaintiff asks: (1) that the defendants return his property; (2) that he be provided with adequate medical attention; and (3) that he be transferred to Langlade County Jail. As grounds for his request, the plaintiff states that he fears that he will have a heart attack, he has been denied dentures, he is denied legal documents and personal property, his toilet does not work properly and his cell is infested with bugs.

The plaintiff has not established a basis for injunctive relief in this case. Specifically, he has not presented any argument or evidence to show that he lacks an adequate remedy at law. Furthermore, the plaintiff does not explain how these claims relate to the present action or that he is likely to prevail on the merits. Therefore, the plaintiff's July 18, 2007, motion for temporary restraining order will be denied. If the plaintiff wishes to pursue the above-mentioned claims, he may do so by filing an amended complaint or a new civil rights action.

**October 10, 2007, Motion for Temporary Restraining Order**

By his October 10, 2007, motion for temporary restraining order, the plaintiff asks that he be transferred to Langlade County Jail. In support of his request, the plaintiff states that jailers Stuber and Ninham have told him that he cannot possess certain legal documents and that jailer Ninham acted in a threatening and violent manner, which stresses the plaintiff out and makes him fear for his life.

3

The plaintiff does not aver that he lacks an adequate remedy at law. Indeed, he has given no indication that he attempted to use the administrative grievance procedure at the jail to resolve these issues. Further, other than a vague assertion that he fears for his life, the plaintiff has made no claim that he stands to suffer irreparable harm. For these reasons, the plaintiff's October 10, 2007, motion for temporary restraining order will be denied.

**3.    Plaintiff's Motions to Compel**

On July 30, August 30, September 18 and October 11, 2007, the plaintiff filed a motion to compel. Although Federal Rule of Civil Procedure 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." *Id*.

**July 30, 2007, Motion to Compel**

The plaintiff seeks an order requiring the defendants to provide him with legal documents pertaining to all of the cases he is currently litigating, including two federal civil rights actions, a Dane County Circuit Court case and an appeal to the Court of Appeals for the Seventh Circuit. The plaintiff claims that the defendants will not permit him to possess all his legal materials at one time and they will only allow him to have certain materials when he exchanges them for those

4

already in his possession. As a result, the plaintiff contends that he cannot adequately litigate his cases.

The plaintiff's motion must be denied for several reasons. First, the plaintiff is not requesting that the defendants provide him with discoverable materials under Rule 37. Rather, it appears that he disagrees with a prison policy limiting the amount of paper he is permitted to possess in his cell at any given time. Furthermore, the plaintiff has not made any indication that he has personally consulted with the defendants in an attempt to resolve this dispute. Therefore, the plaintiff's motion July 30, 2007, motion to compel will be denied.

**August 30, 2007, Motion to Compel**

The plaintiff has filed a motion to compel the defendants to return money taken from him for photocopy expenses. The plaintiff avers that the defendants charged him $128.25 for photocopies that he did not request.

Review of the plaintiff's motion reveals that the plaintiff asked jail officials to allow him to review various documents concerning his stay at the jail.[1] However, for reasons that are unclear, his demands were construed to be photocopy requests. The court notes that the plaintiff has not demonstrated how these documents relate to a discovery dispute. And, he has given no indication that he has personally consulted with the defendants in an attempt to resolve this dispute. Consequently, the plaintiff's August 30, 2007, motion to compel will be denied.

---

[1] For example, the plaintiff requested that kitchen staff provide him with documentation of his soft food diet. *See* Pl.'s Mot. to Compel at 1.

5

**September 18, 2007, Motion to Compel**

The plaintiff has filed a motion to compel the defendants to respond to his August 15, 2007, discovery request. It is unclear what type of discovery request the plaintiff wants the defendants to respond to. As best the court can tell, the plaintiff wants to meet with the defendants to set a discovery and dispositive motion schedule for this case under Federal Rule of Civil Procedure 16(b). However, in an order dated July 19, 2007, this court set the deadline for conducting discovery as October 19, 2007, and the dispositive motion deadline as November 19, 2007.

It also appears that the plaintiff filed his September 18, 2007, motion to compel because he wants to establish a schedule for initial disclosure under Federal Rule of Civil Procedure 26(f). However, actions brought by *pro se* prisoners are exempt from initial disclosure. *See* Fed.R.Civ.P. 26(a)(1)(E)(IV). Therefore, the plaintiff's September 18, 2007, motion to compel will be denied.

**October 11, 2007, Motions to Compel**

The plaintiff filed two motions to compel on October 11, 2007. By his first motion, the plaintiff asks that the court order the defendants to provide him with adequate pens and paper. The plaintiff claims that he is only provided with five sheets of paper and one safety pen per week, which does not allow him to litigate his five active cases. According to the plaintiff, the defendants have seized his legal documents out of retaliation.

The plaintiff has not indicated that he personally consulted with the defendants in an attempt to resolve this issue. Moreover, in the last month alone, the plaintiff has filed more than 30 documents with this court. Therefore, the court is not convinced that he lacks an adequate

6

supply of paper and pens. Accordingly, the plaintiff's first motion to compel filed on October 11, 2007, will be denied.

By his second motion to compel, the plaintiff asks that the court order the defendants to respond to his interrogatories and requests for admissions. As grounds for his request, the plaintiff states: (1) he is proceeding *pro se*; (2) he has limited formal education; (3) he has to rely on the resources provided by the defendants; (4) the defendants do not have an adequate law library; (5) the defendants refuse to provide training on how to use the jail's computer; (6) the defendants have objected to the plaintiff's discovery request on grounds that it is not correctly formatted; (7) the defendants asserted that the plaintiff is limited in the number of interrogatories he is allowed to serve on them.

Review of the plaintiff's motion reveals that he has not attached to his motion to compel a copy of the interrogatories and requests for admissions that he served on the defendants. Therefore, the court is unable to determine whether the defendants failed to timely and appropriately respond to such requests. Additionally, the plaintiff has given no indication that he attempted to confer with the defendants to resolve this dispute. Therefore, the plaintiff's second motion to compel will be denied.[2]

### 4. Plaintiff's Motions for Appointment of Counsel

On July 30 and September 7, 2007, the plaintiff filed a motion for appointment of counsel. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

---

[2] The court notes that the defendants are correct in their contention that the plaintiff is limited as to the number of interrogatories that he may serve upon them. *See* Civil Local Rule 33.1(E.D. Wis.)(any party may serve upon any other party up to 25 interrogatories).

And while the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. *Id*. at 1073. If the plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id*.

In this case, the plaintiff has satisfied the threshold inquiry and provided evidence that he has attempted to obtain legal counsel on his own. Specifically, he has submitted correspondence from attorneys that have declined to represent him in this matter. The court's inquiry, however, does not end here. Once the plaintiff has shown that he has made reasonable efforts to secure counsel, the court, in exercising its discretion, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to litigate the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt v. Mote*, 2007 U.S. App. LEXIS 23109, *17 (7th Cir. Oct. 3, 2007)(en banc). The inquiry into the plaintiff's ability to litigate his case may take into consideration matters such as the plaintiff's literacy, communication skills, education level and litigation experience, as well as his intellectual capacity and psychological history. *Id*. at *19.

The issues in this case appear at this stage to be straightforward and uncomplicated. The plaintiff is proceeding on four narrow claims relating to his imprisonment at the Shawano County Jail. Moreover, while he asserts that his formal education is limited, the plaintiff's filings thus far indicate that he is capable of litigating this case himself. Indeed, review of the case file reveals that the plaintiff is capable of engaging in motion practice and meeting deadlines. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiff's July 30, 2007, motion to appoint counsel

8

will be denied. The plaintiff's September 7, 2007, motion for appointment of counsel will be denied as moot.

5.     **Defendants' Motions for Protective Orders**

On October 5, 2007, defendant Raether filed a motion for a protective order to prevent the plaintiff from taking her deposition upon oral examination. Federal Rule of Civil Procedure 26 "permits a party from whom discovery is sought to move for a protective order and authorizes the district court to 'make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense[.]'" *United States v. Balistreri*, 606 F.2d 216, 221 (7th Cir. 1979)(quoting Fed.R.Civ.P. 26(c)). "The protective order may limit the scope or manner of discovery or limit the number of persons who see the discovered material." *Id*.

In the present case, the plaintiff sent a notice of deposition duces tecum to defendant Raether requesting that she appear for oral deposition at the Shawano County Jail on October 12, 2007, at 10:00 a.m. Defendant Raether asks that the plaintiff be prevented from taking her deposition because: (1) he has already sent her three requests for interrogatories and production of documents and a separate request for admissions; (2) due to the nature of the plaintiff's conviction and the aggressive comments he made to her during her employment at the Shawano County Jail, Ms. Raether fears for her bodily safety; and (3) the plaintiff can obtain the information he seeks by use of deposition upon written questions pursuant to Federal Rule of Civil Procedure 31.

The plaintiff does not oppose defendant Raether's request and there is no indication that he is unable to adequately collect information through the other discovery procedures available to

9

him, such as interrogatories, requests for admissions and requests for production of documents. Moreover, the court is satisfied that defendant Raether has shown that she could suffer annoyance, embarrassment or oppression if the plaintiff were allowed to take her deposition upon oral examination. Therefore, defendant Raether's motion for a protective order will be granted.

Defendants Burroughs, Schmidt and Wright filed a motion for a protective order on October 10, 2007. The defendants ask that the plaintiff be prevented from taking their depositions upon oral examination because: (1) he has already served the defendants with discovery, including 120 interrogatories; (2) defendants Smith and Wright have no personal knowledge of the events at issue; (3) allowing the plaintiff to depose the defendants would be highly disruptive to jail administration; (4) the jail lacks adequate recording equipment; and (5) the plaintiff can obtain discovery through the use of depositions upon written questions.

Although the plaintiff filed no official objection to the defendants' request for a protective order, he has indicated that he wants to depose them on October 15 and October 18, 2007. However, the October 5, 2007, notice of deposition the plaintiff sent to the defendants offers no grounds to refute the defendants' contentions that there are compelling reasons, such as institutional security, that weigh against taking the oral depositions of jail officials. Moreover, the plaintiff has made no claim that the information he seeks cannot be obtained through the other discovery procedures available to him, such as interrogatories, requests for admissions and requests for production of documents. For these reasons, the motion for a protective order filed by defendants Burroughs, Schmidt and Wright will be granted.

10

**6.     Plaintiff's Motion for Order**

On September 26, 2007, the plaintiff requested that this court issue subpoenas requiring the defendants to appear at the Shawano County Jail on October 15, 2007, at 10:00 a.m. to give testimony and produce and permit for inspection and copying documents, electronically stored information and tangible things in their possession.  The plaintiff also requests that the defendants provide him with an audio recording device.

As discussed above, the court granted the defendants' motion for a protective order and the plaintiff will not be permitted to depose the defendants upon oral examination.  Therefore, it is unnecessary to issue subpoenas or order the defendants to provide the plaintiff with audio recording equipment.  Accordingly, the plaintiff's motion for order will be denied.

**7.     Other Matters**

On October 11, 2007, the plaintiff requested that the court to appoint an officer to administer written questions to the defendants.  Federal Rule of Civil Procedure 31(a) provides that "[a] party may take the testimony of any person, including a party, by deposition upon written questions[.]"  During a Rule 30(a) deposition, the written questions are asked by the deposition officer and answered orally by the witness.

In the present case, the plaintiff has not explained why it is necessary to depose the defendants under Rule 31.  As noted above, he has already served the defendants with numerous discovery requests and he has made no claim that the information he obtained is insufficient to prosecute his claims.  Moreover, the plaintiff has not explained why depositions upon oral examination are preferable to the other methods of discovery available to him, such as interrogatories, requests for admissions and requests for production of documents.  Finally, the

11

court is not obligated to subsidize the plaintiff's litigation by paying for an officer to take the defendants' deposition, even though he is proceeding *in forma pauperis*. *See, e.g., McNeil v Lowery*, 831 F.2d 1368, 1373 (7th Cir. 1987)(holding that although the constitution guarantees a right of access to the courts, it does not require the government to pay witness fees so that an indigent plaintiff can present his case fully to the court)(citation omitted). For all these reasons, the plaintiff's request for the court to appoint an officer to depose the defendants will be denied.

Next, the plaintiff has filed an objection to the notice of deposition sent to him by defendants Burroughs, Wright and Schmidt. The plaintiff claims that the notice of deposition is deficient for the following reasons: (1) the defendants failed to obtain leave of court before setting a deposition date; (2) the defendants neglected to state the method by which the deposition will be recorded; (3) the defendants did not issue a subpoena to take his deposition; and (4) he was not given 30 days in which to produce the documents requested by the defendants. Additionally, the plaintiff states that he would like the court to rule on his pending motions, such as his motion for appointment of counsel, before he gives his deposition.

First, the plaintiff contends that the defendants were required to obtain leave of court to take his deposition. Generally, a party must obtain leave of court if the person to be deposed is incarcerated. *See* Federal Rule of Civil Procedure 30(a)(2). However, this court's scheduling order dated July 19, 2007, states that the defendants may depose the plaintiff as long as he is given 14 days notice as required under Rule 30(a). In the present case, the defendants served the plaintiff with a notice of deposition by mail on September 14, 2007, indicating that they wished to depose the plaintiff on October 12, 2007. Thus, the plaintiff was given adequate notice under Rule 30(a).

12

Next, the plaintiff contends that the defendants are required to issue a subpoena if they wish depose him. Federal Rule of Civil Procedure 30(b) states that a party "desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action." The defendants were not required to subpoena the plaintiff before taking his deposition. Further, as discussed above, the plaintiff was given adequate notice of the deposition for purposes of Rule 30(a).

Next, the plaintiff contends that the notice of deposition neglected to state by what means the deposition would be recorded. Rule 30(b)(2) provides that "[t]he party taking the deposition shall state in the notice the method by which the testimony shall be recorded." The defendants concede that they inadvertently omitted the method by which the plaintiff's deposition would occur. The defendants now state that they wish to record the deposition by stenographic means.

Finally, the plaintiff contends that he was not given adequate time to produce documents for inspection. Federal Rule of Civil Procedure 34 (b) provides that a party served with a request for production of documents has thirty days in which to respond to the demand. In the present case, the defendants concede that they did not allow the plaintiff thirty days in which to produce the requested documents. Therefore, the defendants have withdrawn this request.

In sum, the plaintiff's objection to the defendants' notice of deposition is well founded. However, the date for the deposition, October 12, 2007, has passed.

Review of the case file reveals that the deadline for conducting discovery is October 19, 2007. Inasmuch as it is unclear whether the parties require additional time to conduct discovery, the court seeks an update as to the status of this case. The court directs that by **October 25, 2007**, each party submit a letter setting forth the party's view regarding the status of discovery in this

13

case. Matters that the parties should discuss may include, but are not, limited to, the possibility that additional discovery is necessary and whether new deadlines for conducting discovery and filing dispositive motion need to be established.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's motion for default judgment (Docket # 23) is **DENIED;**

**IT IS FURTHER ORDERED** that the plaintiff's motion for temporary restraining order (Docket # 24) is **DENIED;**

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (Docket # 32) is **DENIED WITHOUT PREJUDICE;**

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket # 33) is **DENIED;**

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (Docket # 53) is **DENIED;**

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket # 62) is **DENIED AS MOOT;**

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (Docket # 76) is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion for order (Docket # 95) is **DENIED.**

**IT IS FURTHER ORDERED** that the motion for a protective ordered filed by defendant Pam Raether (Docket # 107) is **GRANTED;**

14

**IT IS FURTHER ORDERED** that the motion for a protective order filed by defendants Steve Burroughs, Robert A. Schmidt and Randall Wright (Docket # 117) is **GRANTED;**

**IT IS FURTHER ORDERED** that the plaintiff's motion for temporary restraining order (Docket # 122) is **DENIED;**

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (Docket # 126) is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (Docket # 128) is **DENIED;**

**IT IS FURTHER ORDERED** that the plaintiff's request for the court to appoint an officer to take the defendants' deposition upon written questions (Docket # 127) is **DENIED.**

**IT IS FURTHER ORDERED** that on or before **October 25, 2007**, the parties shall submit a letter to the court setting forth their respective views regarding the status of discovery in this case.

Dated at Milwaukee, Wisconsin this 16th day of October, 2007.

BY THE COURT:

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge