UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JOSEPH L. VAN PATTEN,**

  **Plaintiff,**

  v.            **USDC Case No. 07-C-0026**
                **USCA Case No. 07-3549**

**ROBERT A. SCHMIDT,**
**RANDALL WRIGHT,**
**STEVE BURROUGHS and**
**R.N. PAM RAETHER,**

  **Defendants.**

### ORDER RE: THE PARTIES' DISCOVERY-RELATED MOTIONS

  Plaintiff, Joseph L. Van Patten, filed this *pro se* civil rights complaint and is proceeding *in forma pauperis* on various constitutional claims. This matter comes before the court on the following applications: (1) the plaintiff's two motions to compel; (2) the plaintiff's motion for recusal; (3) the defendants' request for an extension of time; and (4) the plaintiff's motion for protective order.

**1. Plaintiff's Motions to Compel**

  The plaintiff filed two motions to compel on October 12, 2007. By his first motion, the plaintiff asks that defendant Pam Rather be compelled to answer his interrogatories and requests for admissions. Although Federal Rule of Civil Procedure 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party

and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." *Id*.

In the present case, the plaintiff's motion does not include a statement that he consulted with defendant Raether in an attempt to resolve this dispute. However, the court notes that on October 24, 2007, the plaintiff contacted counsel for defendant Raether, requesting a response to his discovery demands. Therefore, the plaintiff has satisfied the personal consultation requirement.

The plaintiff has moved to compel defendant Raether to respond to his interrogatories and requests for admissions. Under Federal Rule of Civil Procedure 33(a), any party may serve upon any other party written interrogatories, not exceeding 25 in number, to be answered by the party served. The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories. Fed.R.Civ.P. 33(b)(3).

Federal Rule of Civil Procedure 26(a) provides that a party may serve upon any other party a written request for the admission of the truth of any matter. The matter is admitted unless, within 30 days after service of the request, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter. *Id*.

In the present case, the plaintiff has given no indication as to the date on which he served the interrogatories and requests for admissions on defendant Raether. Therefore, the court is unable to determine whether defendant Raether failed to timely respond to such requests. And, the plaintiff has not shown what, if any response, he received from defendant Raether. Thus, the court is not

2

persuaded that defendant Raether failed to appropriately respond to his discovery demands. In light of the foregoing, the plaintiff's motion to compel defendant Raether to answer his interrogatories and requests for admissions will be denied without prejudice. The plaintiff is advised that he may re-file his motion if he provides documentation of the date on which he mailed his discovery request and what, if any, response he received to such request.

Next, the plaintiff has moved to compel the defendants to return all his personal papers, discovery and case law relating to his pending cases. As grounds for his request, the plaintiff states: (1) at 7:00 am on October 5, 2007, Correctional Officer Stuber came to his cell and stated that defendant Burroughs had instructed him that the plaintiff could no longer possess documents, discovery and case law related to this case; (2) at about 8:50 am on October 5, 2007, Jailer Ninham violently kicked the plaintiff's bed and told him that, by order of defendant Burroughs, he was not allowed to possess any legal documents he has against the jail; and (3) on October 9, 2007, Officer Knope came to the plaintiff's cell and stated that he had too much legal paperwork in his cell and needed to put it in storage.

Review of the plaintiff's motion reveals that he is not asking the defendants to provide him with discoverable materials under Rule 37. Rather, it appears that he disagrees with a prison policy limiting the amount of paper he is permitted to possess in his cell at any given time. The proper avenue for resolving this dispute is through use of the jail's administrative grievance process. Although the plaintiff has attached to his motion an inmate complaint concerning the jail's paper policy, there is no indication that he has complained to prison officials that all of his legal materials in this case were seized. Indeed, the plaintiff's exhibit indicates: (1) all of his legal materials have not been seized; (2) he may keep a box of paperwork in his cell; and (3) he is permitted to possess

3

and review any legal document that is not in the box by making a request with the jail staff. For these reasons, the plaintiff's motion to compel the defendants to return his discovery materials will be denied.

**2. Plaintiff's Motion for Recusal**

On October 24, 2007, the plaintiff moved to recuse the court from presiding over this action. Inasmuch as the plaintiff contends that the court is prejudiced against him because he did not receive favorable rulings with respect to various motions, his request properly arises under 28 U.S.C. § 144. Pursuant to § 144, a judge must recuse himself if a party files a timely and sufficient affidavit suggesting personal prejudice against a party. *Tezak v. United States*, 256 F.3d 702, 716-17 (7th Cir. 2001). But an affidavit is not sufficient unless it includes definite and particular facts that would convince a reasonable person that the judge is prejudiced. *Id*. at 717; *United States v. Faul*, 748 F.2d 1204, 1210 (7th Cir. 1984). In other words, opinion and conjecture are not grounds for recusal. *Tezak,* 256 F.3d at 717. Moreover, judicial rulings alone will almost never constitute a valid basis for disqualification under § 144. *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994).

In the present case, the plaintiff has not set forth specific facts showing that the court is prejudiced against him. Rather, he relies on the court's adverse rulings, alone, as evidence of prejudice. This does not suffice under § 144. Thus, the plaintiff's motion for recusal will be denied.

**3. Defendants' Requests for Extension of Time**

By order dated October 16, 2007, the parties were advised to submit a letter to the court setting forth their perspective regarding the status of discovery in this case. In response, counsel for defendant Pam Raether and counsel for defendants Robert A. Schmidt, Randall Wright and Steve

4

Burroughs requested an extension of time to conduct discovery. Specifically, counsel for the defendants indicate: (1) that they want to depose the plaintiff on November 8, 2007; (2) they would like an extension of time until December 31, 2007, in which to file a dispositive motion; and (3) they seek a court order directing the plaintiff to authorize the release of his medical records.

However, on October 19, 2007, the plaintiff filed a notice of appeal with the Court of Appeals for the Seventh Circuit. As grounds for his appeal, the plaintiff states: (1) he has limited formal education; (2) he does not know how to establish a basis for injunctive relief; (3) he does not know how to explain how his previous requests relate to the present action; (4) his legal materials have been seized; (5) the defendants have refused to personally consult with him to resolve discovery disputes; (6) he does not know how to properly file a motion; (7) he is denied adequate pens and paper; and (8) he is being discriminated against by the court.

This court has discretion under Federal Rule of Civil Procedure 26(c) and (d) to limit the scope of discovery or to order that discovery be conducted in a particular sequence. And, a federal court is authorized to stay proceedings in a lawsuit before it because parallel proceedings are pending in another court. *CIGNA Healthcare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849 (7th Cir. 2002).

In the present case, the plaintiff has filed an appeal concerning the denial of several discovery-related motions. Additionally, as will be discussed below, the plaintiff has indicated that he objects to being deposed by the defendants. For these reasons, it appears that additional discovery would not be appropriate while the plaintiff's appeal is pending. Consequently, the court will stay discovery in this action pending resolution of the plaintiff's appeal. Therefore, the defendants' requests for extension of time in which to conduct discovery will be denied as moot.

**4.      Plaintiff's Motion for Protective Order**

On October 12, 2007, the plaintiff filed a motion for a protective order prohibiting the defendants from taking his deposition on November 8, 2007. The plaintiff asserts that a protective order is necessary because: (1) he has pending a request for temporary restraining order; (2) the defendants have falsely claimed to be afraid of being deposed by him but seek to take his deposition; (3) the defendants did not give him proper notice; (4) the defendants did not subpoena him; and (5) the defendants have taken all his legal paperwork, thereby preventing him from preparing for his deposition.

As discussed above, discovery has been stayed during the pendency of the plaintiff's appeal. Moreover, the defendants' request for an extension of time to conduct discovery and depose the plaintiff has been denied. Therefore, the plaintiff's motion for a protective order will be denied as moot. The plaintiff is advised that he may renew his motion once a final decision has been rendered in his appeal and discovery resumes in this case.

As a final matter, the plaintiff has asked for a conference call. As grounds for his request, the plaintiff states that he believes that the defendants are not providing him with discovery. Inasmuch as discovery has been stayed, his request for a conference call will be denied.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to compel (Docket # 130) is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (Docket # 133) is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for recusal (Docket # 145) is **DENIED.**

**IT IS FURTHER ORDERED** that discovery in this action is **STAYED** pending resolution of the plaintiff's appeal.

**IT IS FURTHER ORDERED** that the request for extension of time in which to conduct discovery filed by defendant Raether (Docket # 150) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the request for extension of time in which to conduct discovery filed by defendants Schmidt, Wright and Burroughs (Docket # 152) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for protective order (Docket # 131) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the plaintiff's request for a conference call (Docket # 134) is **DENIED.**

Dated at Milwaukee, Wisconsin this 1st day of November, 2007.

BY THE COURT:

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge