# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSEPH L. VAN PATTEN,**

    **Plaintiffs,**

  v.                                                            Case No. 07-C-0788

**RANDALL WRIGHT, STEPHEN P. BORROUGHS,
CHRISTINE MARIE SKRINSKA, and DR. BUTLER,**

    **Defendants,**

**JOSEPH L VAN PATTEN,**

    **Plaintiff,**

  v.                                                             Case No. 07-C-0026

**ROBERT A SCHMIDT, RANDALL WRIGHT,
STEVE BORROUGHS, and RN PAM RAETHER,**

    **Defendants.**

## DECISION AND ORDER

    Plaintiff, Joseph Lee Van Patten, is proceeding in forma pauperis in two pro se civil rights actions pending in this district. In an order dated October 8, 2008, I denied defendants' motion to consolidate <u>Van Patten v. Wright, et al.</u>, Case No. 07-C-0788 (E.D. Wis.), pending before me, with <u>Van Patten v. Schmidt, et al.</u>, Case No. 07-C-0026 (E.D. Wis.), which is pending before U.S. Magistrate Judge William Callahan. Before me now is defendants' renewed motion to consolidate.

Defendants have filed substantively identical motions to consolidate in both cases. Civil L.R. 42.1 (E.D. Wis.) provides that a motion to consolidate "must be decided by the district judge to whom the lowest numbered case is assigned." Judge Callahan is a U.S. Magistrate Judge rather than a District Judge, and at least one of the parties to the action pending before me refused to consent to jurisdiction by a U.S. Magistrate Judge. Therefore, although this case has a higher docket number than the case pending before Judge Callahan, pursuant to Civil L.R. 42.1 (E.D. Wis.), I will decide the motions to consolidate.

I denied the earlier motion to consolidate because the case pending before Judge Callahan contains additional claims, both cases have additional defendants, and the cases were at different stages procedurally. Defendants now argue that, due to plaintiff's delay in responding to defendants' motions for summary judgment, the cases are in the same procedural posture. Defendants also argue that consolidation of these cases would serve the interests of judicial economy and efficiency and forestall the risk of inconsistent rulings. They submit that all of plaintiff's claims arise from his confinement at the Shawano County Jail and that the cases involve common questions of law and fact regarding the medical care provided to plaintiff.

Federal Rule of Civil Procedure 42(a) (2007) states:

> **(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may:
>
> **(1)** join for hearing or trial any or all matters at issue in the actions;
>
> **(2)** consolidate the actions; or

**(3)** issue any other orders to avoid unnecessary cost or delay.

I may consolidate actions that are "before the court" and "involve a common question of law or fact." See also Mutual Life v. Hillmon, 145 U.S. 285, 292 (1892) (stating that consolidating cases "of like nature and relative to the same question" is within trial court's discretion); 8 James Wm. Moore, Moore's Federal Practice § 42.10[1][a] (3d ed. 2008) ("The articulated standard for consolidating two or more cases is simply that they involve 'a common question of law or fact.'"). I have discretion as to whether to consolidate, Canedy v. Boardman, 16 F.3d 183, 185 (7th Cir. 1994), but I may not consolidate unless I find at least one common issue of law or fact. Enter. Bank v. Saetele, 21 F.3d 233, 236 (8th Cir. 1994); 8 Moore, supra, § 42.10[2][c]; 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2382 (3d ed. 2008). Although neither Rule 42 nor case law defines "common question of law or fact," the plain meaning of this phrase indicates that a common question is one that must be answered identically in each case in which it is presented.

When common questions of law or fact are present, cases should be consolidated if consolidation will streamline the litigation without causing the parties undue prejudice. See, e.g., Fleishman v. Prudential-Bache Sec., Inc., 103 F.R.D. 623, 624-25 (E.D. Wis. 1984; 9A Wright & Miller, supra, § 2383. In determining whether to consolidate, I consider such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results. 8 Moore, supra, § 42.10[4][a] (collecting cases). I also consider factors weighing against consolidation, such as the possibility of juror confusion or administrative difficulties. Id. § 42.10[5].

3

In the case pending before Judge Callahan, plaintiff was allowed to proceed on an Eighth Amendment claim that he was denied medications, dentures and preventative vaccinations due to his inability to pay, and that he was denied dentures and pain relievers. Plaintiff asserted that the denial of medical care resulted in two heart attacks, hypertension, high blood pressure and chronic heart disease. Plaintiff was also allowed to proceed on an access to the courts claim, a Free Exercise claim, and an Equal Protection claim.

In this case, the court allowed plaintiff to proceed on an Eighth Amendment claim that he was denied medical care. Here, plaintiff's claim regarding his heart condition, hypertension and high blood pressure primarily implicated defendant Strinska, who is not a defendant in the other case. Regarding defendants Wright and Burroughs, plaintiff's primary contentions are that they denied him medical care for several days after he was badly bitten by insects in the G-Pod unit, and that they told him he would have to pay $2,500.00 if he wanted to see a dentist.

To the extent that plaintiff's Eighth Amendment claims implicate defendants Wright and Burroughs (versus the separate medical professionals named in each case), there are questions of law or fact common to both of these cases. Having found common questions, I may consolidate the cases if the benefits of doing so outweighs the costs.

First, I note that plaintiff's claims against defendants Wright and Burroughs are framed differently in each case and that they represent a very narrow portion of the litigation in each matter. As a result, I consider the risk of inconsistent results very low.

Moreover, consolidation would not streamline this litigation, and it could cause the parties undue prejudice. Each case has additional defendants who are not named in both complaints, and the case pending before Judge Callahan also presents additional issues

4

regarding access to the courts, free exercise of religion and equal protection.  In both cases, all defendants have presented motions for summary judgment on all of plaintiff's claims.  It would create delay and inefficiency to consolidate the cases before resolution of the motions for summary judgment.

At this time, I will deny defendants' motion to consolidate without prejudice.  If any of plaintiff's claims survive summary judgment, I would be willing to entertain renewed motions to consolidate the cases for trial.  It is at trial that the efficiency of consolidation may be realized.

Additionally, on October 17, 2008, I issued a scheduling order in this case that provided a deadline of January 19, 2009, for the completion of discovery and a deadline of February 19, 2009, for the filing of dispositive motions.  All defendants filed motions for summary judgment on February 19, 2009.  Court records show that plaintiff has not filed any response to defendants' motions.  Briefing schedules are set forth in Civil L.R. 7.1 (E.D. Wis.).  Parties are expected to comply with the procedures and dates specified in the rule without involvement of the court.  Consequently, this action will be dismissed with prejudice, effective **Friday, July 31, 2009**, for lack of prosecution, pursuant to Civil Local Rule 41.3 (E.D. Wis.) and Federal Rule of Civil Procedure 41(b), unless plaintiff responds to defendants' motions by that date.

## CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that defendants' motion to consolidate cases *renewed* (Case No. 07-C-0026, Docket #207) is **DENIED**.

5

**IT IS THEREFORE ORDERED** that defendants' motion to consolidate cases *renewed* (Case No. 07-C-0788, Docket #65) is **DENIED**.

**IT IS FURTHER ORDERED** that this case (Case No. 07-C-0026) is dismissed with prejudice, effective **Friday, July 31, 2009**, unless prior to such date plaintiff responds to defendants' motions for summary judgment.

Dated at Milwaukee, Wisconsin, this 30 day of June, 2009.

/s_____
LYNN ADELMAN
District Judge